Debtor    Creativebug, LLC                                          Case number *(if known)* _____
          Name

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of:

               Delaware
               (State)

Case number *(if known):* _____     Chapter ___11___

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| **1. Debtor's Name** | **Creativebug, LLC** |
| **2. All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | **N/A** |
| **3. Debtor's federal Employer Identification Number** (EIN) | **47-1053208** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5555 Darrow Road** <br> Number     Street | Number     Street |
| **Hudson**      **Ohio  44236** <br> City      State    Zip Code | City      State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Summit** <br> County | Number     Street |
| | City      State    Zip Code |

**5. Debtor's website** (URL)    https://www.joann.com/ ; https://investors.joann.com/ ; https://www.creativebug.com/

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

Debtor    Creativebug, LLC                                      Case number *(if known)* _____
           Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5162 (Media Streaming Distribution Services, Social Networks, and Other Media Networks and Content Providers)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the ***Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11*** (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

---

Debtor   Creativebug, LLC
_____
Name

Case number *(if known)* _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

Debtor   **See Attached Rider 1**
_____

District _____

Case number, if known _____

Relationship _____

When: **03/18/2024**
_____
MM / DD / YYYY

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____

_____
City                    State        Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors***

*Consolidated for all Debtors.

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,000-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☒ 50,001-100,000
☐ More than 100,000

---

Debtor    Creativebug, LLC
_____
Name

Case number (if known) _____

| | | | |
|---|---|---|---|
| **15. Estimated assets\*** <br> **\*Consolidated for all Debtors.** | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion <br> ☐ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |
| **16. Estimated liabilities\*** <br> **\*Consolidated for all Debtors.** | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☒ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **03/18/2024**
                MM/ DD / YYYY

✖ **/s/ Scott Sekella**                                      **Scott Sekella**
Signature of authorized representative of debtor            Printed name

Title    **Executive Vice President, Chief Financial Officer**

**18. Signature of attorney**    ✖ **/s/ Kara Hammond Coyle**          Date    **03/18/2024**
                                 Signature of attorney for debtor              MM/DD/YYYY

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Firm name

**Rodney Square, 1000 North King Street**
Number                Street

**Wilmington**                                    **DE**        **19801**
City                                              State        ZIP Code

**(302) 571-6600**                                **kcoyle@ycst.com**
Contact phone                                     Email address

**DE No. 4410**                        **Delaware**
Bar number                             State

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| JOANN Inc. | 46-1095540 |
| Needle Holdings LLC | 27-4503814 |
| Jo-Ann Stores, LLC | 34-0720629 |
| Creative Tech Solutions LLC | 82-1996734 |
| Creativebug, LLC | 47-1053208 |
| WeaveUp, Inc. | 47-4135633 |
| JAS Aviation, LLC | 46-2589570 |
| joann.com, LLC | 95-4761594 |
| JOANN Ditto Holdings Inc. | 86-3449652 |
| Jo-Ann Stores Support Center, Inc. | 26-3855027 |

**UNANIMOUS WRITTEN CONSENT OF
THE APPROVING PARTY OF
EACH COMPANY LISTED BELOW**

March 15, 2024

The undersigned, being (a) all members of the Board of Directors, (b) all of the members of the Board of Managers, or (b) the sole member, as applicable (in each case, an "Approving Party" and, collectively, the "Approving Parties"), of the following corporations and limited liability companies:

    (i)        JOANN Inc., a Delaware corporation;
    (ii)      Needle Holdings LLC, a Delaware limited liability company;
    (iii)     Jo-Ann Stores, LLC, an Ohio limited liability company;
    (iv)    Creative Tech Solutions LLC, a Delaware limited liability company;
    (v)      Creativebug, LLC, a Delaware limited liability company;
    (vi)    WeaveUp, Inc., a Delaware corporation;
    (vii)   JAS Aviation, LLC, an Ohio limited liability company;
    (viii)  joann.com, LLC, an Ohio limited liability company;
    (ix)    JOANN Ditto Holdings Inc., an Ohio corporation;
    (x)      Jo-Ann Stores Support Center, Inc., an Ohio corporation; and
    (xi)    Dittopatterns LLC, a Delaware limited liability company.

(each such entity, a "Company" and, collectively, the "Companies"),[1] do hereby consent to, adopt and approve, ratify, and confirm by unanimous written consent, in each case pursuant to and in accordance with (a) the provisions of such Company's (i) certificate of incorporation, articles of incorporation or certificate of formation, as applicable, and (ii) bylaws or LLC Agreement (as defined below), as applicable, and (b) the applicable provisions of (i) the General Corporation Law of the State of Delaware (the "DGCL"), (ii) the Limited Liability Company Act of the State of Delaware (the "Delaware LLC Act"), and (iii) the Revised General Corporation Law of the State of Ohio, and (iv) the Revised Limited Liability Company Act of the State of Ohio, as applicable, the following resolutions and authorize the taking of all actions contemplated thereby:

**WHEREAS**, reference is hereby made to the following limited liability company agreements: (i) the Limited Liability Company Agreement of Needle Holdings LLC, dated January 24, 2014; (ii) the Amended and Restated Operating Agreement of Jo-Ann Stores, LLC, dated November 7, 2019; (iii) the Amended and Restated Limited Liability Company Agreement of Creative Tech Solutions LLC, dated September 8, 2020; (iv) the Limited Liability Company Agreement of Creativebug, LLC, dated April 11, 2017; (v) the Operating Agreement of JAS Aviation, LLC, dated March 22 2013; (vi) the Operating Agreement of joann.com, LLC, dated February 2, 2014; and (vii) the Amended and Restated Limited Liability Company Agreement of

---

[1] Notwithstanding the foregoing, Dittopatterns LLC shall not be included in the definition of "Company" for purposes of section I (Commencement of Chapter 11 Case) and section III (Plan and Disclosure Statement) hereof and shall only be included in the other provisions hereof with respect to transactions or documents in accordance with the terms of the applicable transaction documents that expressly include or apply to Dittopatterns LLC.

Dittopatterns LLC, dated March 4, 2024 (collectively, the "LLC Agreements", and each an "LLC Agreement");

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with management and the legal and financial advisors of such Company to fully consider, and has considered, the strategic alternatives available to such Company; and

**WHEREAS**, the Approving Party of each Company desires to adopt and approve the following resolutions.

## I.      Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Approving Party of each Company has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and be it further

**RESOLVED**, that any officer of such Company (each, an "Authorized Officer"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of such Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with such Company's chapter 11 case (the "Chapter 11 Case"), including, without limitation, (a) the payment of fees, costs, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, filing, and recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices, and instruments (or any amendments, supplements, or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case of such Company, with a view to the successful prosecution of the Chapter 11 Case of such Company (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

## II.      Transaction Documents

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each Company has determined it is in the best interests of each Company to enter into (i) a transaction support agreement (together with any exhibits and other attachments annexed thereto, the "Transaction Support Agreement") and (ii) commitment letters with certain lenders under the Companies' senior secured asset based revolving credit facility and FILO facility (collectively, the "ABL/FILO Commitment Letters"), in each case on terms and conditions substantially similar to those set forth in the forms of documents previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation of authority set forth herein); and be it further

**RESOLVED**, that, pursuant to Section 144 of the DGCL, no contract or transaction between a corporation and one or more of its directors or officers, or between a corporation and any other corporation, partnership, association or other organization in which one or more of its directors or officers, are directors or officers, or have a financial interest (each an "Interested Party"), is void or voidable solely for this reason, or solely because the director or officer is present at or participates in the meeting of the board or committee which authorizes the contract or transaction, or solely because any such director's or officer's votes are counted for such purpose, if: (i) the material facts as to the director's or officer's relationship or interest and as to the contract or transaction are disclosed or are known to the board of directors or the committee, and the board or committee in good faith authorizes the contract or transaction by the affirmative votes of the majority of the disinterested directors, even though the disinterested directors be less than a quorum; (ii) the material facts as to the director's or officer's relationship or interest and as to the contract or transaction are disclosed or are known to the stockholders entitled to vote thereon, and the contract or transaction is specifically approved in good faith by vote of the stockholders; or (iii) the contract or transaction is fair as to the corporation as of the time it is authorized, approved or ratified by the board of directors, a committee or the stockholders; and be it further

**RESOLVED**, that, it is hereby disclosed or made known to the board of directors of JOANN Inc. (the "JOANN Board") that (i) one or more affiliates of Leonard Green & Partners, L.P. ("LGP") is a party to the Transaction Support Agreement, and (ii) each of Lily Chang, Brian Coleman and Jonathan Sokoloff (the "LGP Directors"), members of the JOANN Board, has affiliations to LGP and a material interest in the transactions contemplated by the Transaction Support Agreement and further described under Section IV below (the "Interested Transactions"); and be it further

**RESOLVED**, that having disclosed to the JOANN Board that they are each an Interested Party, the LGP Directors execute this consent only after all other directors of the JOANN Board have executed this consent, for the sole purpose of allowing the approval of the Interested Transactions to occur through unanimous written consent in lieu of a meeting of the JOANN Board; and be it further

**RESOLVED**, that, the JOANN Board is aware of all of the material facts related to the Interested Transactions and has had an adequate opportunity to ask questions regarding, and investigate the nature of, the relationship and/or interest of each LGP Director as an Interested Party with and in the Company regarding the Interested Transactions; and be it further

**RESOLVED**, that, after careful consideration, the JOANN Board has determined that the terms and conditions of the Interested Transactions are just and reasonable as to the Company and that it is in the best interests of the Company to perform its obligations in connection therewith; and be it further

**RESOLVED**, that the JOANN Board hereby determines that the Interested Transactions are fair, just and reasonable to the Company within the meaning of Section 144 of the DGCL; and be it further

**RESOLVED**, that the JOANN Board hereby authorizes and approves the Interested Transactions for all purposes, including without limitation with respect to Section 144 of the

DGCL and, to the extent applicable, in context of the Company's Code of Business Conduct and Ethics and Related Person Transaction Policy; and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Transaction Support Agreement and the ABL/FILO Commitment Letters, and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Transaction Support Agreement and the ABL/FILO Commitment Letters, each together with such other documents, agreements, instruments, notices, and certificates as may be required by, or appropriate in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Transaction Support Agreement, the ABL/FILO Commitment Letters and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

### III.    <u>Plan and Disclosure Statement</u>

**RESOLVED**, that in connection with each Chapter 11 Case, the Approving Party of each Company has determined it is in the best interests of each Company to approve the chapter 11 plan (together with any exhibits and other attachments annexed thereto, the "<u>Plan</u>") and associated disclosure statement (together with any exhibits and other attachments annexed thereto, the "<u>Disclosure Statement</u>") on terms and conditions substantially similar to those set forth in the form of Plan and Disclosure Statement previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation set forth herein); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Plan and Disclosure Statement and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Plan and Disclosure Statement together with such other documents, agreements, instruments, notices, and certificates as may be required by the Plan and Disclosure Statement; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Plan and Disclosure Statement and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## IV.   Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case of each Company, the Approving Party of each Company has determined that it is in the best interests of each Company to consummate the transactions under that certain senior secured super-priority debtor-in-possession credit facility consisting of a term loan credit facility in an aggregate principal amount of up to $139,000,000, to be evidenced by that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, by and among, JOANN Inc., its subsidiaries party thereto, the lenders and other parties from time to time party thereto, and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (together with any exhibits and other attachments annexed thereto, the "DIP Credit Agreement") on terms and conditions substantially similar to those set forth in the form of DIP Credit Agreement previously provided to the Approving Party of each Company (with such changes as may be approved pursuant to the delegation set forth herein), together with certain joinders of third party financing parties to the Transaction Support Agreement, subject to approval by the Bankruptcy Court, which is necessary and appropriate to conduct the business of the Company (the "DIP Financing"); and be it further

**RESOLVED**, that the Approving Party of each Company hereby delegates to each Authorized Officer of each Company the authority to approve the form, terms, and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Case and such other uses as described in the DIP Credit Agreement, any and all guarantees, security agreements, pledge agreements, other documents or notices evidencing the grant of security, reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and filed, registered, or recorded in connection with the DIP Financing or that may be necessary, appropriate, desirable, or advisable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Financing Document (collectively, the "DIP Financing Documents"); and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, and record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Financing Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Financing Document, in accordance with the terms thereof; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf

of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement and any other DIP Financing Document and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and be it further

## V.    SEC Filings

*Approval of Filings*

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to take such actions and execute such documents as any of such officer may deem necessary or appropriate for compliance with the Securities Act of 1933, as amended (the "Securities Act"), or the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and to cause any such documents to be filed with the Securities and Exchange Commission (the "Commission") or disseminated to the Company's stockholders as such officer may deem necessary or appropriate; and be it further

*Termination of Registration Statements*

**RESOLVED**, that, following the execution and effectiveness of the Transaction Support Agreement, and the public announcement thereof, any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to take such actions and execute such documents as any of such officer may deem necessary or appropriate to terminate each of such Company's registration statements under the Securities Act, including the filing with the Commission of one or more post-effective amendments to such registration statements in order to remove from registration all securities remaining unsold or otherwise unissued thereunder; and be it further

**RESOLVED**, that, following the time that the Plan becomes effective and the transactions contemplated thereby are consummated, any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to take such actions and execute such documents as any of such officer may deem necessary or appropriate to complete the suspension or termination of all reporting obligations under Sections 13 and 15(d) of the Exchange Act; and be it further

## VI.    Retention of Advisors

**RESOLVED**, that in connection with each Company's Chapter 11 Case, any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the Chapter 11 Case and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the firm of Latham & Watkins LLP is hereby retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Young Conaway Stargatt & Taylor, LLP is hereby retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Houlihan Lokey Capital, Inc. is hereby retained as investment banker for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal North America, LLC is hereby retained as financial advisor for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firms of Deloitte Tax LLP and Deloitte Financial Advisory Services LLP are hereby retained as tax and financial advisors for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Kroll Restructuring Administration LLC is hereby retained as claims, noticing, and solicitation agent and administrative advisor in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further; and be it further

**VII.    Limited Liability Company Agreements**

**RESOLVED**, that notwithstanding any provision of any LLC Agreement to the contrary, under no circumstances shall any event of bankruptcy on the part of any Member (as defined in each LLC Agreement) of the applicable Company, including without limitation any of the events listed in Section 18-304 of the Delaware LLC Act or Section 1706.411 of the Ohio Revised Limited Liability Company Act, cause any Member to cease to be a Member of such Company, and upon the occurrence of any such event, such Company shall continue without dissolution; and be it further

**RESOLVED**, that, notwithstanding any provision of any LLC Agreement to the contrary, each applicable Company may put into effect and carry out any decrees and orders of the Bankruptcy Court, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member of the applicable Company; and be it further

**RESOLVED**, that, by executing this written consent, each LLC Agreement is hereby amended to the extent necessary to implement the resolutions of this Section VII; and be it further

**VIII.    General Authorization and Ratification**

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company enter into, execute, deliver, certify, file, register, record,

and perform, such agreements, instruments, motions, affidavits, rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, advisable, or desirable in connection with the Chapter 11 Case, the Transaction Support Agreement, the ABL/FILO Commitment Letters, and the DIP Credit Agreement or any other DIP Financing Document, or any of the transactions contemplated by the foregoing; and be it further

**RESOLVED**, that any and all past or future actions taken by any Authorized Officer of each Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed, and approved in all respects; and be it further

**RESOLVED**, that any Authorized Officer of each Company is authorized to place a copy of these resolutions in the official records of such Company to document the actions set forth herein as actions taken by the Approving Party of such Company.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the undersigned, being the sole member of Creativebug, LLC, has executed this written consent as of the date first written above.

Jo-Ann Stores, LLC

Name:  Scott Sekella
Title:  Interim Office of the Chief Executive Officer, Executive VP, Chief Financial Officer & Treasurer

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Managers of Creativebug, LLC, have executed this written consent as of the date first written above.

Christopher DiTullio

Scott Sekella

Ann Aber

*[Signature Page to Unanimous Written Consent]*

Debtor name: JOANN Inc.
United States Bankruptcy Court for the District of Delaware
Case number (If known):

☐ Check if this is an
amended filing

**Official Form 204**

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 SPINRITE CORP 320 LIVINGSTONE AVE SOUTH LISTOWEL, ON N4W 3H3 CANADA | Attn: Kylee Peters Title: President and CEO Phone: (519) 291-3780 Email: kpeters@spinriteyarns.com | Trade Payable | | | | $12,202,436.04 |
| 2 LION BRAND YARN CO 125 CHUBB AVE LYNDHURST, NJ 7071 | Attn: Adam Blumenthal Title: President and CEO Phone: (800) 795-5466 Email: adam.blumenthal@lionbrand.com | Trade Payable | | | | $7,368,942.23 |
| 3 COATS & CLARK 3430 TORINGDON WAY SUITE 301 CHARLOTTE, NC 28277 | Attn: Legal Department Title: Phone: (704) 329-5800 Email: | Trade Payable | | | | $5,351,692.20 |
| 4 ORMO ITHALAT IHRACAT ANONIM KAGITHANE OFISPARK, MERKEZ MAHALLES BAGLAR CADDESI 14/B ISTANBUL, KAGITHANE, 34406 TURKEY | Attn: Legal Department Title: Phone: 90-2122514730 Email: | Trade Payable | | | | $4,172,650.28 |
| 5 JONES LANG LASALLE AMERICAS INC 200 EAST RANDOLPH DRIVE CHICAGO, IL 60601 | Attn: David Hitchens Title: General Counsel Phone: (312) 782-5800 Email: david.hitchens@jll.com | Trade Payable | | | | $4,036,916.30 |
| 6 BROTHER INTERNATIONAL CORPORATION 200 CROSSING BLVD. BRIDGEWATER, NJ 08807-0911 | Attn: Mike Lynch Title: Vice President and General Counsel Phone: (908) 704-1700 Email: michael.lynch@brother.com | Trade Payable | | | | $3,236,720.32 |
| 7 WM WRIGHT CO 2015 W FRONT STREET BERWICK, PA 18603 | Attn: Legal Department Title: Phone: (800) 772-7111 Email: | Trade Payable | | | | $2,858,365.85 |
| 8 FEDERAL EXPRESS CORPORATION 942 SOUTH SHADY GROVE ROAD MEMPHIS, TN 38120 | Attn: Mark Allen Title: Executive Vice President and General Counsel Phone: (901) 818-7500 Email: mallen@fedex.com | Trade Payable | | | | $2,574,517.80 |

Debtor  JOANN Inc.                                                                                   Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | FACILITYSOURCE LLC PO BOX  846847 LOS ANGELES, CA 90084-6847 | Attn: Chad Doellinger Title: General Counsel Phone: (602) 412-1160 Email: chad.doellinger@cbre.com | Trade Payable | | | | $2,447,295.76 |
| 10 | FABRIC TRADITIONS 519 EIGHTH AVENUE, 19TH FL NEW YORK, NY 10018 | Attn: Elizabeth Towey Title: CEO and President Phone: (212) 279-5710 Email: btowey@fabrictraditions.com | Trade Payable | | | | $2,405,479.55 |
| 11 | SVP SEWING BRANDS LLC 1714 HEIL QUAKER BLVD, SUITE 130 LA VERGNE, TN 37086 | Attn: Jason Forcier Title: Chief Executive Officer Phone: (629) 335-0520 Email: jason.forcier@svpworldwide.com | Trade Payable | | | | $2,285,112.30 |
| 12 | SHAOXING XINZEZHOU IMP AND EXP CO., WUYANG VILLAGE, FUQUAN TOWN KEJIAO DISTRICT, SHAOXING, 130 ZHEJIANG CHINA | Attn: Legal Department Title: Phone: 13357508802 Email: | Trade Payable | | | | $2,272,557.31 |
| 13 | QUEEN CRAFTS LIMITED 6TH FLOOR, CREATIVE DESIGN BUILDING TAIAN ROAD, SOUTH CBD YINZHOU DISTRICT, NINGBO,  315100 CHINA | Attn: Legal Department Title: Phone: 86-1815-828-9619 Email: | Trade Payable | | | | $2,064,626.82 |
| 14 | PELLON CONSUMER PRODUCTS 4801 ULMERTON ROAD CLEARWATER, FL 33762 | Attn: Legal Department Title: Phone: (727) 388-7171 Email: | Trade Payable | | | | $2,020,190.60 |
| 15 | BERWICK OFFRAY LLC 30 TWO BRIDGES ROAD SUITE 110 FAIRFIELD, NJ 7004 | Attn: Legal Department Title: Phone: (201) 935-6220 Email: | Trade Payable | | | | $2,001,183.95 |
| 16 | CHINA NATIONAL ARTS AND CRAFTS IMP NO 37 4F 199 LANE YONG FENG ROAD 199 LANE NINGBO, 130 ZHEJIANG 315010 CHINA | Attn: Legal Department Title: Phone: 574-83897793 Email: | Trade Payable | | | | $1,953,505.03 |
| 17 | ROBERT KAUFMAN CO INC 129 W 132ND ST LOS ANGELES, CA 90061 | Attn: Ken Kaufman Title: Chief Executive Officer Phone: (310) 538-3482 Email: ken@robertkaufman.com | Trade Payable | | | | $1,950,720.73 |
| 18 | DYNO LLC 1571 WEST COPANS ROAD SUITE 105 POMPANO BEACH, FL 33064-1513 | Attn: Marty Weinbaum Title: Chief Financial Officer Phone: (800) 448-3966 Email: marty.weinbaum@dynomerchandise.com | Trade Payable | | | | $1,874,678.36 |

Debtor  JOANN Inc.                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | VISTAR CORPORATION 188 INVERNESS DRIVE WEST, SUITE 800 ENGLEWOOD, CO 80112 | Attn: Patrick Hatcher Title: Executive Vice President and Chief Financial Officer Phone: (800) 880-9900 Email: patrickhatcher@vistar.com | Trade Payable | | | | $1,773,710.46 |
| 20 | VIITION (ASIA) LIMITED FLAT/RM D03, BLK A, 12/F 19-25 SHAN MEI ST SHA TIN NT, NEW TERRITORIES 999077 HONG KONG | Attn: Legal Department Title: Phone: 135-05928858 Email: | Trade Payable | | | | $1,707,684.21 |
| 21 | AHEAD INC. 401 N. MICHIGAN AVE., #3400 CHICAGO, IL 60611 | Attn: Daniel Adamany Title: Chief Executive Officer Phone: (312) 221-1231 Email: daniel.adamany@thinkahead.com | Trade Payable | | | | $1,665,969.92 |
| 22 | SPRINGS CREATIVE PRODUCTS GROUP 300 CHATHAM AVENUE, SUITE 100 ROCK HILL, SC 29730 | Attn: Derick Close Title: Chief Executive Officer Phone: (803) 324-6571 Email: derick.close@springscreative.com | Trade Payable | | | | $1,537,503.55 |
| 23 | LOW TECH TOY CLUB LLC 411 EMISSARY DR. #108 CARY, NC 27519 | Attn: Adrian Zhang Title: Manager Phone: (838) 966-2537 Email: adrian@thewoobles.com | Trade Payable | | | | $1,530,062.50 |
| 24 | TIMELESS TREASURES FABRIC 483 BROADWAY NEW YORK, NY 10013 | Attn: Michele Quine Title: Chief Financial Officer Phone: (646) 388-7223 Email: michele.quine@ttfabrics.com | Trade Payable | | | | $1,498,794.76 |
| 25 | SHAOXING ROBB IMP AND EXP CO., LTD SUITE B 19018 WONDER PLAZA SHAOXING KEQIAO, 130 ZHEJIANG 312030 CHINA | Attn: Legal Department Title: Phone: 86-575-81182386 Email: | Trade Payable | | | | $1,409,572.09 |
| 26 | DMC CORPORATION 86 NORTHFIELD AVE EDISON, NJ 8837 | Attn: Renee Hile Title: Chief Executive Officer Phone: (732) 662-1404 Email: r.hile@dmc.com | Trade Payable | | | | $1,385,537.46 |
| 27 | CRITEO CORP PO BOX 392422 PITTSBURGH, PA 15251-9422 | Attn: Ryan Damon Title: Chief Legal Officer Phone: (925) 899-1842 Email: R.Damon@criteo.com | Trade Payable | | | | $1,372,160.84 |
| 28 | CHANGSHU WINWAY TEXTILE CO, LTD BUILDING A, GULI TOWN 4/F, 10# FUCHUNJIANG EAST ROAD CHANGSHU CITY, 100 JIANGSHU 215533 CHINA | Attn: Legal Department Title: Phone: 86-18913623777 Email: | Trade Payable | | | | $1,362,974.55 |

Debtor  JOANN Inc.                                                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | PRYM CONSUMER USA INC 950 BRISACK RD SPARTANBURG, SC 29303 | Attn: Doug Johnston Title: Chief Executive Officer Phone: (864) 576-5050 Email: doug.johnston@prym-consumer-usa.com | Trade Payable | | | | $1,300,152.50 |
| 30 | SCHNEIDER NATIONAL CARRIERS INC 3101 SOUTH PACKERLAND DRIVE GREEN BAY, WI 54313 | Attn: Thom Jackson Title: Executive Vice President and General Counsel Phone: (920) 592-2000 Email: jacksont@schneider.com | Trade Payable | | | | $1,288,414.78 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| Creativebug, LLC, | ) | Case No. 24-_____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
| _____ | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the following are corporations, other than a government unit, that directly or indirectly own 10%

or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Interests Held |
|---|---|
| Jo-Ann Stores, LLC | 100% |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Creativebug, LLC, | ) | Case No. 24-_____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

_____

### LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "***Debtor***") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more  of any class of the Debtor's equity interest.

☒   The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Jo-Ann Stores, LLC | Limited Liability Company Interests | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  Creativebug, LLC

United States Bankruptcy Court for the:        Delaware

                                                   (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▌   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐   Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐   Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐   Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐   Schedule H: Codebtors *(Official Form 206H)*

☐   Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐   Amended Schedule _____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **03/18/2024** | ☒ */s/ Scott Sekella* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Scott Sekella** |
| | Printed name |
| | **Executive Vice President, Chief Financial Officer** |
| | Position or relationship to debtor |